IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIOLET A. SMITH AS ADMINISTRATOR
OF THE ESTATE OF SABIN MARCUS
JONES, DECEASED,

  Plaintiff,

v.                                         Case No. 3:19-cv-00046-MHL

OFC. M. WATTERS,

  Defendant.

**DEFENDANT OFFICER M. WATTERS' ANSWER TO AMENDED COMPLAINT**

COMES NOW the Defendant Officer. M. Watters ("Watters") by counsel, and, for his Answer to the Amended Complaint filed against him, denies that he is liable to the Plaintiff Violet A. Smith as Administrator of the Estate of Sabin Marcus Jones, Deceased ("Jones"). Watters further answers as follows:

**PRELIMINARY STATEMENT**

1. Paragraphs 1 through 4 of the Amended Complaint call for a legal conclusion to which no response is necessary.

2. Watters denies the allegations set forth in Paragraph 5 of the Amended Complaint as they pertain to him. To the extent the allegations pertain to Dismissed Defendants[1] no response is necessary.

---

[1] On or about March 20, 2020, this Court issued an Order (ECF No. 43) dismissing all other Defendants ("Dismissed Defendants") except Defendant Watters and dismissing Counts II through VI against all Defendants including Defendant Watters. This Court further dismissed with prejudice portions of Count I against Defendant Watters. The only remaining cause of action is Smith's Section 1983 excessive force claim against Defendant Watters.

1

3. Watters denies the allegations set forth in Paragraph 6 of the Amended Complaint in the manner alleged as they pertain to him. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

4. In answer to Paragraph 7 of the Amended Complaint, Watters admits Jones was unarmed, but denies all remaining allegations contained therein.

5. In answer to Paragraph 8 of the Amended Complaint, Watters admits that he was aware that Jones might be mentally ill and that his mental condition was not under control, but denies all remaining allegations contained in paragraph 8 of the Amended Complaint. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

6. Watters denies the allegations set forth in Paragraph 9 of the Amended Complaint.

7. Watters admits that he deployed his taser twice but denies all remaining allegations contained in Paragraph 10 of the Amended Complaint.

8. Watters lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 of the Amended Complaint, and therefore, denies the same.

9. Watters denies all allegations set forth in Paragraph 12 of the Amended Complaint.

10. Watters lacks sufficient information to admit or deny whether Jones suffered a broken rib. Watters denies the remaining allegations set forth in Paragraphs 13, 14 and 15 of the Amended Complaint.

11. Watters lacks sufficient information to admit or deny what an eyewitness thought he/she saw. Watters denies placing a cloth in Jones' mouth and denies the remaining allegations set forth in Paragraph 16 of the Amended Complaint in the manner alleged.

12. Watters denies the allegations set forth in Paragraphs 17 and 18 of the Amended Complaint.

13. In answer to Paragraph 19 of the Amended Complaint, Watters admits that Jones was taken to the local hospital but lacks sufficient knowledge and information to admit or deny the remaining allegations and, therefore, denies the same.

14. In answer to Paragraph 20 of the Amended Complaint, Watters admits that Jones passed away on or about January 24, 2017, but denies any remaining allegations contained in Paragraph 20.

15. In answer to Paragraph 21 of the Amended Complaint, the Medical Examiner's report speaks for itself. To the extent a further response is necessary, Watters lacks sufficient information to admit or deny the cause of Jones' death, and therefore, denies the same.

16. Watters denies the allegations set forth in Paragraphs 22 and 23 of the Amended Complaint.

17. Paragraph 24 of the Amended Complaint calls for a legal conclusion to which no response is necessary.

18. Watters denies the allegations set forth in Paragraph 25 of the Amended Complaint.

19. In answer to Paragraph 26 of the Amended Complaint, Watters admits that the Commonwealth's Attorney investigated the incident and determined no wrong doing by any of the officers involved. All remaining allegations contained in Paragraph 26 of the Amended Complaint is denied.

20. Watters denies the allegations set forth in Paragraph 27.

21. The Amended Complaint speaks for itself. To the extent a further response is necessary, the allegation set forth in Paragraph 28 are denied.

22. Watters denies the allegations set forth in Paragraphs 29 and 30 of the Amended Complaint.

23. In response to Paragraph 31 of the Amended Complaint, Watters admits that he was aware that Jones was under an Emergency Custody Order and in need of medical/psychiatric treatment, but denies the remaining allegations set forth in Paragraph 31 of the Amended Complaint.

24. Watters denies the allegations set forth in Paragraphs 32, 33 and 34 of the Amended Complaint.

25. In answer to Paragraph 35 of the Amended Complaint, Watters admits that Plaintiff, Violet A. Smith, as Administrator of the Estate of Sabin Marcus Jones, seeks damages from Watters and Dismissed Defendants, but denies all remaining allegations contained therein.

26. In answer to Paragraph 36 of the Amended Complaint, Watters admits that the Amended Complaint purports to allege claims under 42 U.S.C. §§ 1983 and 1985, the Fourth and Fourteenth Amendments to the United Sates Constitution, along with similar state law claims, but denies it states such claims. Watters denies all remaining allegations contained therein.

27. Watters denies the allegations set forth in Paragraphs 37, 38, 39, 40, 41 and 42 of the Amended Complaint.

## STATEMENT OF JURISDICTION

28. Paragraphs 43 through 45 of the Amended Complaint call for a legal conclusion to which no response is necessary.

## PARTIES

29. In answer to Paragraph 46 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

30. In answer to Paragraph 47 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

31. In answer to Paragraph 48 of the Amended Complaint, Watters admits that Jones died on or about January 24, 2017. Watters lacks sufficient information to admit or deny the remaining allegations and, therefore, denies the same.

32. In answer to Paragraph 49 of the Amended Complaint, Watters admits that Exhibit A speaks for itself.

33. Paragraph 50 of the Amended Complaint calls for a legal conclusion to which no response is necessary.

34. In answer to Paragraph 51 of the Amended Complaint, Watters admits that at all times relevant herein, the he was acting in his capacity as an officer of the South Hill Police Department, and under color of law but denies all remaining allegations contained therein. To the extent the allegations pertain to Dismissed Defendants, no response is necessary.

35. In answer to Paragraph 52 of the Amended Complaint, Watters admits that the Plaintiff brings this suit against him, but denies all remaining allegations directed to him. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

36. In answer to Paragraph 53 of the Amended Complaint, Watters admits that at all times relevant herein, he was acting within the course and scope of his employment, but denies all remaining allegations directed to him. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

37. Paragraph 54 of the Amended Complaint does not pertain to Watters and thus no response is required.

38. Paragraph 55 of the Amended Complaint does not pertain to Watters and thus no response is required.

39. Paragraphs 56 and 57 of the Amended Complaint do not pertain to Watters and thus no response is required.

40. Watters denies all allegations contained in Paragraph 58 of the Amended Complaint as they pertain to him. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

41. In answer to Paragraph 59 of the Amended Complaint, Watters admits that the Town of South Hill is a local governing body that operates and manages the South Hill Police Department. but denies all remaining allegations in the manner alleged therein.

42. Paragraph 60 of the Amended Complaint does not pertain to him and thus no response is required.

43. In answer to Paragraph 61 of the Amended Complaint, Watters admits that the Town of South Hill funds and maintains the South Hill Police Department, but denies all remaining allegations in the manner alleged therein.

44. Paragraphs 62, 63, 64 and 65 of the Amended Complaint does not pertain to Watters and thus no response is required. To the extent that one is required, Watters denies all remaining allegations contained in Paragraphs 62, 63, 64 and 65 in the manner alleged therein.

**THE FACTS**

45. In answer to Paragraph 66 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth of the allegation and thus denies the same.

46. Watters denies all allegations contained in Paragraph 67.

47. In answer to Paragraph 68 of the Amended Complaint, Watters admits that the Taser allegedly used during the incident can, in an open circuit (no conduit), output 50,000 volts, however, the allegation is misleading as the amount of "shock" is not determined by the open circuit maximum voltage, but rather the current, which is measured in units of amperage. The level of voltage simply determines the effectiveness for delivering the current/amperage and not the amount of current passing to the person.[2] Thus, Watters denies all remaining allegations contained in Paragraph 68.

48. In response to Paragraph 69, Watters admits that a Taser can override the recipient's central nervous system, causing uncontrollable muscle contractions which results in an immediate bodily response but lacks sufficient information and knowledge to form a belief about the truth of the remaining allegations and denies the same.

49. Watters admits a Taser weapon can cause serious injury or death. Watters denies the remaining allegations set forth in Paragraph 70 of the Amended Complaint.

50. In response to Paragraph 71, Watters lacks sufficient knowledge and information to form a belief about the truth of the allegation and thus denies the same.

---

[2] "If we think of electricity as water flowing through a pipe, rather than electrons traveling along a wire, then voltage is the pressure it takes to push water through the pipe, while current is the rate at which the water flows. Electrical outlets have a high, continuous current — after all, we expect them to supply us with a high, steady stream of energy so our lights, appliances and electronics work without interruption. CEDs, on the other hand, have a low, pulsed current. After the probes are attached to skin or clothing, the trigger activates a five-second series of low-current pulses." National Institute of Justice, Journal No. 268, How CEDs Work, Brian Higgins, https://www.nij.gov/journals/268/Pages/ceds-how.aspx

51. In answer to Paragraph 72, Watters admits that any weapons could be used improperly or excessively against citizens by law enforcement which could result in serious injury and death. He denies all remaining allegations contained therein.

52. In answer to Paragraph 73, Watters admits that he was aware of the risk of serious harm or death caused by inappropriate and/or non-approved usage of TASER, but denies all remaining allegations contained therein. To the extent the allegations pertain to Dismissed Defendants no response is necessary.

53. The *Armstrong v. The Village of Pinehurst* case speaks for itself. Otherwise, Paragraphs 74, 75, 76, 77 and 78 of the Amended Complaint call for a legal conclusion to which no response is necessary.

54. In answer to Paragraph 79 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

55. In answer to Paragraph 80 of the Amended Complaint, Watters admits that he knew that Jones was recently released from a medical commitment but lacks sufficient knowledge and information to form a belief about the truth and thus denies the remaining allegations contained in Paragraph 80 of the Amended Complaint.

56. In answer to Paragraph 81 of the Amended Complaint, Watters admits that on January 20, 2017, Jones' aunt Sheila Holmes went to a magistrate to request that Jones be placed in custody under an Emergency Custody Order. He lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 81 of the Amended Complaint.

57. In answer to Paragraph 82 of the Amended Complaint, Watters admits that he was aware of Jones' mental status and mental illness, but to the extent the allegations pertain to

Dismissed Defendants, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

58. In answer to Paragraph 83 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

59. In answer to Paragraph 84 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

60. In answer to Paragraph 85 of the Amended Complaint, Watters admits that Jones was located at the EZ Convenient Stop, in his vehicle. but denies all remaining allegations contained therein.

61. In answer to Paragraph 86 of the Amended Complaint, Watters admits that as officers approached Jones' vehicle, Jones immediately drove his car away from the officers towards the back of the parking lot, but denies all remaining allegations contained therein.

62. Watters admits that cruisers attempted to block Jones' vehicle, but denies any remaining allegations contained in Paragraph 87 of the Amended Complaint.

63. In response to Paragraph 88, Watters admits that Jones refused his commands to step out of the vehicle and that other officers at the scene gave Jones the same and/or similar commands which Jones also refused.

64. Watters denies all allegations contained in Paragraphs 89, 90 and 91 of the Amended Complaint.

65. In answer to Paragraph 92 of the Amended Complaint, Watters admits that an officer broke the driver's side window in an effort to shut the vehicle off for the safety of the officers and the public, but denies all remaining allegations contained therein.

66. Watters admits Paragraph 93 of the Amended Complaint.

67. In response to Paragraph 94, Watters admits that another officer broke the passenger side window and that, at one point, the officers on scene were able to open the passenger door, but denies all remaining allegations contained therein.

68. Watters denies all allegations in Paragraphs 95 of the Amended Complaint.

69. In response to Paragraph 96 of the Amended Complaint, Watters denies that he ever removed his service weapon but admits that he took out his taser and lacks sufficient knowledge and/or information to form a belief about the truth of the remaining allegations and thus denies the same.

70. In answer to Paragraph 97 of the Amended Complaint, Watters admits that the officers at the scene attempted to get Jones on the ground to gain control to protect Jones, officers involved and the general public and that Watters deployed his Taser twice, but denies all remaining allegations and the manner they are alleged.

71. In answer to Paragraph 98 of the Amended Complaint, Watters admits that he deployed his Taser in an attempt to gain control of Jones who was violently resisting but denies all remaining allegations contained in Paragraph 98 of the Amended Complaint.

72. Watters denies all allegations in Paragraph 99 of the Amended Complaint.

73. In answer to Paragraph 100 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

74. In answer to Paragraph 101 of the Amended Complaint, Watters admits that Officer Watters tased Jones twice, once in attempting to get him to the ground, and once in drive stun mode when Jones refused to voluntarily move his left arm out from under his body and would not follow officers' commands to put his arm behind his back. Watters denies all remaining allegations contained in Paragraph 101 of the Amended Complaint.

75. Watters denies all allegations contained in Paragraph 102 of the Amended Complaint.

76. Watters admits that he uttered the words, "Do you want to do this?" but denies that it was directed at Jones, and further denies all remaining allegations in Paragraph 103 of the Amended Complaint.

77. Watters denies all allegations contained in Paragraph 104 of the Amended Complaint.

78. In response to Paragraph 105 of the Amended Complaint, Watters admits that Jones was placed in a police van and taken to the hospital, but denies all remaining allegations contained in Paragraph 105 of the Amended Complaint.

79. In answer to Paragraphs 106 and 107 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

80. In response to Paragraph 108 of the Amended Complaint, Watters admits that Jones was transferred to VCU-MCV Hospital in Richmond.

81. In answer to Paragraph 109 of the Amended Complaint, Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same.

82. In answer to Paragraphs 110 and 111 of the Amended Complaint, the autopsy report speaks for itself. Watters lacks sufficient knowledge and information to form a belief about the truth and thus denies the same. Furthermore, Watters requests a copy of the autopsy report to verify the same.

83. In answer to Paragraph 112 of the Amended Complaint, Watters answers that the Virginia State Police's statement speaks for itself, and thus no response is required.

84. Watters denies all allegations contained in Paragraphs 113, 114, 115, 116 and 117 of the Amended Complaint.

85. Paragraphs 118, 119 and 120 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is necessary, Watters denies all allegations contained therein.

86. In answer to Paragraph 121 of the Amended Complaint, Watters admits that Jones was inside the vehicle when he began kicking and punching the inside of the Camaro and continued to kick and punch at any attempts by the officers to reach into the vehicle. Watters further denies all remaining allegations contained therein.

87. Watters denies all allegations contained in 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137 and 138 of the Amended Complaint.

88. In answer to Paragraph 139 of the Amended Complaint, Watters admits that he was acting under color of law and within the scope of his employment as a law enforcement officer during his encounter with Jones.

89. In answer to Paragraph 140 of the Amended Complaint, Watters admits that at all times relevant to this lawsuit, Chief Bowen and the Town of South Hill were responsible for hiring, training, supervising and disciplining their law enforcement officers, but denies all remaining allegations.

# COUNT I
## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §§ 1983, 1985, 1989 AND THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### PLAINTIFF V. ALL DEFENDANTS

90. In answer to Paragraph 141 of the Amended Complaint, Watters incorporates and restates his responses to all prior Paragraphs and incorporate by reference as if set forth fully herein.

91. Watters denies the allegations set forth in Paragraphs 142 and 143 of the Amended Complaint.

92. In answer to Paragraph 144 of the Amended Complaint, the allegations are directed at Dismissed Defendants and thus no answer is required. To the extent that a response is necessary, Watters denies all allegations contained in Paragraph of the Amended Complaint.

93. Watters denies all allegations set forth in Paragraphs 145, 146, 147, 148, 149, 150 and 151 of the Amended Complaint.

# COUNT II
## SURVIVAL ACTION

### PLAINTIFF V. ALL DEFENDANTS

94. In light of this Court's dismissal of Count II in its entirety against all Defendants, no responses to allegations in Count II is required.

# COUNT III
## WRONGFUL DEATH

### PLAINTIFF V. ALL DEFENDANTS

95. In light of this Court's dismissal of Count III in its entirety against all Defendants, no responses to allegations in Count III is required.

96.

## COUNT IV
## EXCESSIVE FORCE/POLICE BRUTALITY

## PLAINTIFF V. ALL DEFENDANTS

97. In light of this Court's dismissal of Count IV in its entirety against all Defendants, no responses to allegations in Count IV is required.

## COUNT V
## ASSAULT AND BATTERY

## PLAINTIFF V. ALL DEFENDANTS

98. In light of this Court's dismissal of Count V in its entirety against all Defendants, no responses to allegations in Count V is required.

## COUNT VI
## UNCONSTITUTIONAL/INADEQUATE POLICIES, TRAINING, AND PROCEDURES – 42 U.S.C. § 1983

## PLAINTIFF V. DEFENDANTS, MECKLENBURG COUNTY SHERIFF R.W. "BOBBY" HAWKINS, JR., SOUTH HILL POLICE CHIEF STUART BOWEN, THE SOUTH HILL POLICE DEPARTMENT AND THE MECKLENBURG COUNTY SHERIFF'S DEPARTMENT

99. In light of this Court's dismissal of Count VI in its entirety against all Defendants, no responses to allegations in Count VI is required.

## COUNT VII
## FALSE ARREST

## PLAINTIFF V. DEFENDANTS

100. In light of this Court's dismissal of Count VII in its entirety against all Defendants, no responses to allegations in Count VII is required.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## PLAINTIFF V. DEFENDANTS

101. In light of this Court's dismissal of Count VIII in its entirety against all Defendants, no responses to allegations in Count VIII is required.

### COUNT XI
### VIOLATION OF THE COMMONWEALTH OF VIRGINIA CONSTITUTION

### PLAINTIFF V. ALL DEFENDANTS

102. In light of this Court's dismissal of Count XI in its entirety against all Defendants, no responses to allegations in Count XI is required.

### AFFIRMATIVE DEFENSES

103. At all times relevant to this action, Watters acted reasonably in the circumstances he faced.

104. At all times relevant to this action, Watters, in good faith, believed that his actions were lawful and that his actions were reasonable.

105. At all times relevant to this action, it was not clearly established that Watters would violate Jones' Constitutional rights, by taking an aggressive and combative mentally ill person on crack cocaine into custody pursuant to an ECO using necessary force, by deploying his Taser when he resisted all efforts taken by the officers.

106. Watters is entitled to qualified immunity which bars Plaintiff's Section 1983 claims against him.

107. Watters denies that Plaintiff is entitled to a judgment against him in any amount.

108. Watters denies that any act or omission on his part was a breach or violation of any duty owed to the Plaintiff or the Plaintiff's decedent.

109. Watters further denies that his decision to tase Jones amounted to excessive force when Jones failed to comply with law enforcement commands, resisted detention, acted violently

and aggressively towards officers, creating a danger to himself, to officers and the general public.

110. Watters denies that he acted with willful or wanton disregard toward the Plaintiff's decedent, and further avers that Plaintiff has failed to state a claim for punitive damages against him.

111. Watters avers that any and all alleged injuries to Jones was caused by superseding, intervening acts and/or omissions by third parties to which Watters is not liable for.

112. Watters reserves the right to raise any other affirmative defenses which become known in the course of discovery.

WHEREFORE, for the foregoing reasons, Ofc. M. Watters, by counsel, respectfully requests judgment in his favor together with his costs and attorneys' fees expended herein, and such other relief as the Court deems necessary.

**Trial by jury is demanded.**

                              **OFC. M. WATTERS**

                              By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Saemi Murphy (VSB No. 73281)
Attorneys for OFC. M. Watters
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com
smurphy@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 10th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>William H. O'Brien, Esq.
>Doummar & O'Brien
>1397 Laskin Road
>Virginia Beach, VA 23451
>757-422-0061 - Phone
>757-422-5512 - Fax
>happy@doummarandobrien.com

/s/
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Saemi Murphy (VSB No. 73281)
Attorneys for OFC. M. Watters
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com
smurphy@hccw.com