IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIOLET A. SMITH AS ADMINISTRATOR
OF THE ESTATE OF SABIN MARCUS
JONES, DECEASED,

    Plaintiff,

v.                                Case No. 3:19-cv-00046-MHL

OFFICER M. WATTERS,

    Defendant.

## DEFENDANT OFFICER M. WATTERS' FIRST INTERROGATORIES TO PLAINTIFF

       Officer M. Watters, by counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure serves the following Interrogatories to Plaintiff to be answered in the time and manner provided for in the applicable rule:

       In answering these Interrogatories, furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including an attorney representing you. If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, answer to the extent possible, specifying your inability to answer the remainder, stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

## DEFINITIONS AND INSTRUCTIONS

       1.    The terms "Plaintiff," "you" or "your" shall mean, Violet A. Smith and Sabin Marcus Jones and your agents, representatives, attorneys (except where material is privileged) or servants, and any and all other persons acting or purporting to act on his behalf.

EXHIBIT
B

2.      The term "Decedent" shall refer to Sabin Marcus Jones.

3.      The term "Defendant" shall mean Officer M. Watters.

4.      The term "Incident" shall refer to the incident which occurred on January 20, 2017, out of which this lawsuit arises.

5.      Your answers to the Interrogatories should be supplemented, as necessary, in accordance with the Rules of this Court.

6.       The term "document" shall mean, without limitation, the original and any and all drafts and non-identical copies of any electronic or non-electronic writings of any kind in your possession, custody or control, including but not limited to correspondence, scripts, records, reports, external and internal memoranda, digital voice exchange transcripts or summaries, notes, letters, telegrams, telexes, messages (including, but limited to, reports of telephone conversations, messages and conferences), studies, analyses, books, magazines, newspapers, booklets, circulars, bulletins, instructions, minutes, other communications, questionnaires, surveys, contracts, memoranda of agreement, assignments, books of account orders, records of summaries of personal interviews or conversations, diaries, schedules, printouts, drawings, blueprints, specifications, graphs, charts, studies, planning materials, statistical statements, forecasts, work papers, invoices, statements, receipts, income and other tax returns, bills, checks, bank books, bank statements, vouchers, notebooks, data sheets, photographs, microfilm, microfiche, photographic negatives, tapes, magnetic tapes, paper tapes, cassette tapes, videotapes, plotter output recordings, discs, data cards, films, data processing files, and other computer readable records or programs, breadboards, catalogues, brochures, all other written or printed material of any kind, and all other data compilation from which information can be obtained, and translated, if necessary.   Any such document bearing on any page thereof, any marks such as initials,

stamped indices, comments or notations of any character and not part of the signed text or photographic reproduction thereof is to be considered and produced as a separate document.

7. The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, business organization, entity or any employee or agent thereof.

8. The term "communication" shall mean any oral or written statement or conversation.

9. Unless otherwise specified, when construing the scope of these interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

a. construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Interrogatory more inclusive.

b. construing the words "any" and "all" to mean "any and all" as necessary to make the Interrogatory more inclusive;

c. construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Interrogatory more inclusive;

d. construing the singular forms of the word, respectively, as necessary to make the Interrogatory more inclusive; and

e. construing masculine or feminine pronouns to mean feminine or masculine pronouns, respectively, as necessary to make the Interrogatory more inclusive.

10. If you assert as an objection to any of these interrogatories that the information sought is privileged, please state the privilege that you contend is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information.

In those cases where an objection is made to an Interrogatory, all information covered by that Interrogatory but not subject to the objection should be provided.

## **INTERROGATORIES**

1.      State your full name, any other names by which you may have been known, your date of birth, your present residence address, your social security number and, if you are married, the full name and address of your spouse.

**ANSWER:**

2.      State full name, date of birth and social security number for the Decedent. State every address at which Decedent resided in the 10 (ten) years prior to his death, including but not limited to correctional and medical care facilities, stating the dates that he lived at each address and identify every other person who lived at each address with him, and the general nature of each person's relationship to Decedent.

**ANSWER:**

3.      Identify Decedent's educational background, including all secondary schools, colleges and/or universities attended. Specify the dates of attendance and degrees received.

**ANSWER:**

4.      Please list all beneficiaries of and their relationship to the Decedent; identify their social security number, date of birth, addresses for the past 10 (ten) years, and the dates he/she lived with the Decedent, if any. For any minor beneficiaries, please identify all parents, guardians and caretakers of the minor beneficiaries for the past ten (10) years.

**ANSWER:**

5.      For each of Decedent's minor beneficiaries, describe the relationship with the Decedent and identify any applicable court orders dealing with custody and/or visitations and state the amount(s) of child support, whether ordered by court or not, that the Decedent paid in child support during the life of the minor beneficiaries.

**ANSWER:**

6.      State whether or not you have made any statements concerning the Incident set forth in your Amended Complaint.  If the answer is in the affirmative, for each such statement, identify to whom the statement was made or given, and state the substance of such statement.

**ANSWER:**

7.      State the name, address (home and business), and telephone number (home and business) of any and all persons known or believed by you to have witnessed the Incident and state a summary of their knowledge as you understand it.

**ANSWER:**

8.      State whether or not Officer Watters or any other employees of South Hill and/or South Hill Police Department made any statement concerning the Incident.  If the answer is in the affirmative, for each such statement, identify:  the person giving the statement; the date and time the statement was made or given; the identity of the person to whom the statement was made or given;

whether or not the statement was recorded, transcribed, or signed by the person making or giving the statement; and, state the substance of such statement.

**ANSWER:**

9.      State the names, addresses and telephone numbers of any and all persons that you believe will support your contention that Officer Watters was responsible, liable or guilty of any wrongdoing with respect to the Incident, and identify the factual information known to that person.

**ANSWER:**

10.      Please describe in detail any statement, whether written or oral, by any person which you believe supports your contention that Officer Watters was responsible, liable or guilty of any wrongdoing with respect to the Incident.

**ANSWER:**

11.      Please describe in detail any interaction Decedent had with any officer of any County or City Police or Sheriff's Department during the ten years preceding January 20, 2017. In so stating, please state the date of the interaction, the nature of the interaction, location of the interaction and the officer with whom he interacted.

**ANSWER:**

12.      Do you or your attorney, or anyone acting on your behalf, have any knowledge of any audio, photographs, drawings, plats, sketches, diagrams or other graphic or pictorial

representation relating to the Incident or the injuries sustained in said Incident?  If so:  list each item; describe its subject matter; state the date or dates upon which it was taken or prepared; state the name, address, and telephone number of the person who prepared such item; and state the name, address, and telephone number of the person who now has custody or possession thereof.

**ANSWER**:


13.     State whether or not Decedent had consumed any alcohol, marijuana, sedative, tranquilizer, or other drug and/or medicine during the twenty-four (24) hour period immediately preceding the Incident.  If so, please identify the item which he consumed; the amount he consumed; the time when he consumed it; and the location where he consumed it.

**ANSWER**:


14.     State the name and address of each hospital, clinic, pharmacy, doctor, physician, dentist or other health care provider/facility who had seen Decedent for any purpose whatsoever during the last ten (10) years prior to the Incident.  In respect to each such practitioner, state the reason for such treatment and/or care and the dates thereof.

**ANSWER:**


15.     State the name and address of each of Decedent's employers for the period of ten (10) years prior to the date of the Incident, state inclusive dates of employment and the rate of compensation for each such employer.

**ANSWER:**

16.     Please state Decedent's annual income from wages, salaries, commissions or any form of employment for each of the ten (10) calendar years prior to Decedent's death.

**ANSWER:**

17.     Had Decedent, Sheila Jones, or you ever been convicted of a felony or a misdemeanor involving moral turpitude?  If your answer is yes, please state the nature of the conviction, the date thereof, the sentence, and the court in which the matter was heard.

**ANSWER:**

18.     Please state in detail any information that any family member of Decedent received from any official of the Town of South Hill, officer with the South Hill Police Department, official with the County of Mecklenburg, and/or officer with the Mecklenburg Sheriff's Office concerning the Incident.  In so stating, please state the nature of the information provided, the date the information was provided and who provided the information.

**ANSWER:**

19.     State whether or not you or your counsel have or expect to retain any expert witness that is expected to testify in the trial of this case, including medical witnesses or otherwise and, if so, state the following with respect to each such witness:

      (a)     the name, address, occupation, and area of expertise of such expert;

      (b)     the substance of the facts to which each such expert is expected to testify.

      (c)     the opinions held by each such expert to which he or she will testify.

(d)      the grounds of each such opinion to which each expert will testify.

**ANSWER:**


20.      Identify any and all persons who you intend to call at trial and provide the substance of the facts you expect each person to testify and a summary of such expected and/or anticipated testimony.

**ANSWER:**


21.      Identify and provide a computation of every category of damages that you claim in this action, and if your claim includes any financial or other support by Decedent or loss of services, describe such financial or other support or loss of services in detail and including the particular recipient beneficiary or beneficiaries and identifying all documents or evidence of every item of damages claimed.

**ANSWER:**


22.      If Decedent or you have ever initiated suit or made a claim to recover for injuries sustained in any incident prior to or subsequent to the alleged Incident sued upon, please state:

(a)      the name of the adverse party;

(b)      the date and nature of the incident giving rise to the claim;

(c)      if suit was filed, the style, court, docket number and date filed; and

(d)      the insurance company, if any, involved on behalf of the adverse party.

**ANSWER:**

23.     Please state the status of Decedent's health, including mental health prior to the Incident, stating the name and addresses of Decedent's regular physician and the names and addresses of any and all other doctors, hospitals, medical facilities or medical practitioners who treated or examined Decedent for any purpose during the ten year period prior to the Incident.

**ANSWER**:

**OFFICER M. WATTERS**

By Counsel

_____
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Saemi Murphy (VSB No. 73281)
Counsel for Officer M. Watters
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com
smurphy@hccw.com

# C E R T I F I C A T E

I hereby certify that a true copy of the foregoing was emailed this 13th day of July, 2020 to:

William H. O'Brien, Esq.
Doummar & O'Brien
1397 Laskin Road
Virginia Beach, VA 23451
757-422-0061 - Phone
757-422-5512 - Fax
happy@doummarandobrien.com


Thomas N. Sweeney, Esq.
Messa & Associates
123 South 22nd Street
Philadelphia, PA 19103
215-568-3500 - Phone
215-568-3501 - Fax
TSweeney@MessaLaw.com

Leslie A. Winneberger